**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br>SAMUEL QUINONES ZAMBRANA,<br><br>Debtor. | CASE NO. 25-03137 MAG13<br>Chapter 13<br><br>FILED & ENTERED ON 9/25/2026 |

**OPINION AND ORDER**

On July 11, 2025, Samuel Quinones Zambrana (the "Debtor") filed a petition for relief under chapter 7 of the Bankruptcy Code. Dkt. #1. The Debtor thereafter moved to convert the case to chapter 13 on August 7, 2025, and the court granted the motion the following day. Dkts. ## 10, 11.

Before the court is the Chapter 13 Trustee's objection to unsecured Claim No. 5-1 filed by Esther Rivera Ortiz (the "Creditor") solely on the ground that the claim was filed after the applicable claims bar date. Dkt. # 61. The Creditor opposed the Trustee's objection. Dkt. # 62. For the reasons set forth below, the court denies the Trustee's objection and deems Claim No. 5-1 timely filed pursuant to Fed. R. Bankr. P. 3002(c)(7).

## I. JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), L. Civ. R. 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. BACKGROUND

On July 11, 2025, the Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code. Dkt. #1. On August 7, 2025, the Debtor moved to convert the case to one under chapter 13. Dkt. #10. On August 8, 2025, the court granted the Debtor's conversion request. Dkt. #11.

In the schedules filed with the petition, the Debtor identified the Creditor as a nonpriority unsecured creditor. Dkt. # 1, p. 21 & 49. The Debtor used the following address for the Creditor: "Urbanización Fuentes de Coamo, 1352 Bld. San Blas, Coamo, PR 00769." The Debtor also listed attorney Orlando Camacho Padilla, P.O. Box 879, Coamo, Puerto Rico 00769-0879, as an additional notice recipient.

On August 11, 2025, the court issued the Notice of Conversion to Chapter 13, which established November 10, 2025, as the deadline for nongovernmental creditors to file proofs of claim. Dkt. # 16. The certificate of service for that notice was entered on August 14, 2025, and was sent to the Creditor to: Urbanización Fuentes de Coamo, 1352 Bld. San Blas, Coamo, PR 00769-9322. Dkt. #17.

On January 27, 2026, attorney for the Creditor, Maria Vicens Rivera, entered an appearance in the case. Dkt. # 41. On January 30, 2026, the Creditor filed unsecured Claim No. 5-1 in the amount of $59,600 attaching a Puerto Rico state-court judgment as the basis for the claim. Claims Register # 5-1.

On April 30, 2026, the court confirmed the Debtor's amended chapter 13 plan. Dkt. ## 57, 59.

On August 10, 2026, the Chapter 13 Trustee filed the objection to Creditor's claim based on the claim being filed after the November 10, 2025, claims bar date. Dkt. # 61.

On August 13, 2026, the Creditor opposed the Trustee's objection. Dkt. # 62. In an unsworn declaration under penalty of perjury, the Creditor asserted that she did not receive

notice of the bankruptcy case or of the claims bar date because the address listed in the Debtor's schedules was not her correct mailing address. The Creditor identified her correct mailing address as "Urbanización Las Fuentes, 1351 Boulevard San Blas, Coamo, PR 00769-9322." The Creditor further represented that she did not learn of this bankruptcy case through notice from the Bankruptcy Court. Rather, she learned of the case when she independently contacted the Bankruptcy Court to inquire whether the Debtor had filed for bankruptcy. The Creditor states that thereafter she promptly retained bankruptcy counsel and filed Claim No. 5-1.

Also on August 13, 2026, the Debtor filed an informative motion asserting that the address listed for the Creditor in the schedules was accurate because it was the mailing address that the Creditor used in a 2021 complaint filed against the Debtor in the Puerto Rico Court of First Instance. Dkt. # 63, Ex. A. The 2021 complaint identifies the Creditor's mailing address as "Urbanización Fuentes de Coamo, 1352 Bld. San Blas, Coamo, Puerto Rico 00769." The Debtor also asserts that notice to attorney Orlando Camacho Padilla should be imputed to the Creditor because Mr. Camacho Padilla represented the Creditor in the prepetition state-court collection action. The Debtor further relies on state-court docket entries showing wage-garnishment activity from October 2025 through July 2026 to argue that the Creditor had knowledge of this bankruptcy case.

On August 17, 2026, the court ordered the Creditor to address within fourteen (14) days the Debtor's motion to inform. Dkt. # 64.

On August 21, 2026, the Creditor complied with the court's order. Dkt. # 68. The Creditor maintains that the discrepancy between the scheduled address and her asserted mailing address is material and that the record does not establish that she personally received notice of the bankruptcy case or the claims bar date. She further contends that the record does not establish

that attorney Camacho Padilla represented her in this bankruptcy case, received notice of the claims bar date on her behalf, or had an attorney-client relationship with her sufficient to impute such notice to her.

**III. APPLICABLE LAW AND DISCUSSION**

"In chapter 13 cases, a timely filed proof of claim is a precondition to allowance of the claim and the creditor's right to receive a distribution." Mondriguez-Torres v. Lopez (In re Lopez), 629 B.R. 322, 327-328 (B.A.P. 1st Cir. 2021) (quoting Vicenty v. San Miguel Sandoval (San Miguel Sandoval), 327 B.R. 493, 512 (B.A.P. 1st Cir. 2005)). The bar date for filing proofs of claim in chapter 13 cases is governed by Fed. R. Bankr. P. 3002(c), which provides that a proof of claim is timely if filed within seventy (70) days after the order for relief.

Absent a recognized exception, an untimely proof of claim must be disallowed. See 11 U.S.C. § 502(b)(9). Fed. R. Bankr. P. 3002(c) affords no discretion to extend this deadline for unsecured claims, except under the limited exceptions set forth in Fed. R. Bankr. P. 3002(c)(1) – (7). The exceptions in subsections (1) through (6) pertaining to governmental units, infants or incompetent persons, post-petition judgments, rejected executory contracts or unexpired leases, notice of newly available assets, and claims secured by a debtor's principal residence are inapplicable in this case.

However, the Creditor contends that that she did not receive adequate notice of the bar date to file her proof of claim. This contention falls under Fed. R. Bankr. P. 3002(c)(7), which provides as follows:

> (7) *Extending the Time to File*. On a creditor's motion filed before or after the time to file a proof of claim has expired, the court may extend the time to file by no more than 60 days from the date of its order. The motion may be granted if the court finds that the notice was insufficient to give the creditor a reasonable time to file.

Fed. R. Bankr. P. 3002(c)(7). See also, 9A Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 3002.03[7] (16th ed. 2026). Further, as the Bankruptcy Appellate Panel for the First Circuit explained, strict enforcement of Rule 3002's claims deadline presupposes that the creditor received the required notice; where notice was materially deficient or misleading, a late-filed claim may be permitted. In re San Miguel Sandoval, 327 B.R. at 508.

This exception accords with the requirements of due process. A creditor is entitled to notice reasonably calculated, under all the circumstances, to apprise it of the bankruptcy proceeding and to afford it an opportunity to protect its rights. Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). Accordingly, an "objection to a late claim cannot constitutionally be sustained and the creditor's claim barred if the debtor's failure to list, or inaccurate listing of, the creditor causes the creditor to miss the proof of claim deadline." In re San Miguel Sandoval, 327 B.R. at 507.

The court concludes that Fed. R. Bankr. 3002(c)(7) applies in this case. The Creditor was a known creditor. The Debtor scheduled the Creditor's claim, but the notice sent to the Creditor was directed to an address that she disputes and that differs from the address she identifies as her proper mailing address. The Creditor has represented under penalty of perjury that she did not receive notice of the case or the claims bar date, and that she acted promptly after independently learning that the Debtor had filed bankruptcy.

The Debtor's reliance on the mailing address in a 2021 state-court complaint does not alter this conclusion. That historical address may support the contention that the Debtor used that address in good faith. But the relevant inquiry under Fed. R. Bankr. 3002(c)(7) is whether the notice used in this case was sufficient under the circumstances to provide the Creditor a

reasonable opportunity to file a timely proof of claim. On the present record, the court cannot find that it was.

Nor does the record establish that notice to attorney Camacho Padilla constitutes notice to the Creditor for purposes of a Fed. R. Bankr. 3002(c)(7) inquiry. Notice received by an attorney may, in appropriate circumstances, be imputed to a creditor where the attorney's representation bears a sufficiently close nexus to the claim or where the attorney is authorized to receive notice on the creditor's behalf. In re San Miguel Sandoval, 327 B.R. at 508. The record before the court, however, does not establish that Mr. Camacho Padilla represented the Creditor in this bankruptcy case, received the pertinent notice in a representative capacity concerning the Creditor's claim, or was otherwise authorized to receive notice of the claims bar date on behalf of the Creditor.

Similarly, while the postpetition state-court garnishment entries may suggest continued collection activity, they do not ultimately demonstrate that the Creditor received the official notice of the bankruptcy case or had timely knowledge of the November 10, 2025 claims bar date. Accordingly, the court declines to equate evidence of collection activity with proof that the Creditor received sufficient notice of the deadline for filing a proof of claim for purposes of a Fed. R. Bankr. 3002(c)(7) inquiry.

The Creditor represented that she filed Claim No. 5-1 after she acquired actual knowledge of the bankruptcy case. Because the court finds that notice was insufficient under the circumstances to provide the Creditor a reasonable time to file a proof of claim, the court will grant the limited relief authorized by Fed. R. Bankr. P. 3002(c)(7) and deem Claim No. 5-1 timely filed.

## IV. CONCLUSION

Because the court finds that the Creditor did not receive sufficient notice of the bar date for filing proofs of claim, the Chapter 13 Trustee's objection to claim at Dkt. # 61 is denied and Claim No. 5-1 is deemed timely filed pursuant to Fed. R. Bankr. P. 3002(c)(7).

**IT IS SO ORDERED.**

In Ponce, Puerto Rico, this 25th day of September 2026.

María de los Ángeles González
United States Bankruptcy Judge